[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13113
Non-Argument Calendar

_____

BIA No. A96-013-807

ROUZE JIANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(January 17, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Rouze Jiang, a native and citizen of China, entered the United States at Miami International Airport without authorization on October 18, 2002. Four days later, the Immigration and Naturalization Service ("INS") issued a Notice to Appear, alleging that Petitioner was subject to removal pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I). On February 6, 2002, Petitioner filed an application for asylum, withholding of removal under the INA, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT").

An immigration judge ("IJ") heard Petitioner's application on June 20, 2003. After considering the evidence presented, the IJ issued an oral decision finding Petitioner removable as alleged and denying his application. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed it without opinion. Petitioner now seeks review in this court.[1]

We review the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal citations omitted). "Insofar as the [BIA] adopts the IJ's reasoning, we review the IJ's decision as well." Id. (internal citations omitted). Here,

---

[1] Petitioner's brief does not challenge the denial of CAT relief. Hence, we do not consider the matter.

because the BIA expressly adopted the IJ's decision as to the merits of the claims, we review the IJ's decision, see Al Najjar, 257 F.3d at 1284. We review IJ's factual determinations under the substantial evidence test, and we will "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. United States Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). In order "[t]o reverse the IJ's decision, we must conclude that the record not only supports [reversal], but compels it." Yang v. U.S. Atty. Gen., 418 F.3d 1198, 1202 (11th Cir. 2005) (emphasis in original) (quotation omitted).

An alien is entitled to asylum if he can establish, with specific and credible evidence: (1) past persecution on account of religion or other statutorily listed factor; or (2) a "well-founded fear" that his religion or other statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "An alien seeking withholding of removal . . . bears the burden of demonstrating that [he] more-likely-than-not would be persecuted or tortured upon [his] return to the country in question," on account of, inter alia, his "political opinion." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "An alien who has not shown past persecution, though, may still be entitled to withholding of removal if [he] can demonstrate a future threat to [his] life or freedom on a protected ground in [his] country." Id. If an alien is unable to meet

3

the "well founded fear" standard for asylum, "he is generally precluded from qualifying for either asylum or withholding of [removal]." Al Najjar, 257 F.3d at 1292-93.

Because there is no evidence in this record that Petitioner had been physically injured by the Chinese government or that his illegal departure from China would cause him harm if he returned, we are not compelled to the conclusion that Petitioner met his burden of proving past persecution or a well-founded fear of persecution.

PETITION DENIED.